United States District Court
Southern District of Texas
FILED

MAY 1 8 2010

David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| *Swinerton Builders* | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| *Zurich American Insurance Company,* | § | **CIVIL ACTION NO.** _____ |
| *Travelers Insurance Company, ACE* | § | |
| *American Insurance Company, Atlantic* | § | |
| *Casualty, Continental Western Insurance* | § | |
| *Company,, Hartford Casualty Insurance* | § | |
| *Company, ACEA American Insurance* | § | |
| *Company and CNA Transportation* | § | |
| *Insurance Company, St. Paul Mercury* | § | |
| *Insurance Company & Amerisure Mutual* | § | |
| *Insurance Company* | | |
| **Defendants.** | | |

## Swinerton Builders's  Original Complaint for Declaratory Judgment

COMES NOW Swinerton Builders, and files this Original Complaint for Declaratory Judgment and would show the Court the following:

### I.
### THE PARTIES

1.      Plaintiff, Swinerton Builders, (hereinafter referred to as "Plaintiff" or "Swinerton") is a California corporation with its principal office at 260 Townsend Street, Fourth Floor, San Francisco, California, 94107.

2.      Defendant Zurich American Insurance Company (hereinafter referred to as "Zurich") is a foreign corporation doing business in Texas and may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3.     Defendant ACE American Insurance Company (hereinafter referred to as "ACE") is a foreign corporation doing business in Texas and may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

4.     Defendant Atlantic Casualty (hereinafter referred to as "Atlantic") is a foreign corporation doing business in Texas and may be served with process through its registered agent, Marianna S. Tillman, 400 Commerce Court, Goldsboro, North Carolina 27533.

5.     Defendant Continental Western Insurance Company (hereinafter referred to as "Continental") is a foreign corporation doing business in Texas and may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

6.     Defendant Hartford Casualty Insurance Company (hereinafter referred to as "Hartford") is a foreign corporation doing business in Texas and may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

7.     CNA Transportation Insurance Company (Continental Casualty Company), (hereinafter referred to as "CNA") is a foreign corporation and may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

8.     St. Paul Mercury Insurance Company, (hereinafter referred to as "St. Paul") is a foreign corporation doing business in Texas and may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

9.      Amerisure Mutual Insurance Company, (hereinafter referred to as "Amerisure") is a foreign corporation doing business in Texas and may be served with process through its registered agent, Cindy Ghalibaf, 5221 North O'Connor Blvd., Suite 400, Irving, Texas 75039-3711.

## II.
### JURISDICTION

10.      The jurisdiction of this Court over the subject matter of this action is predicated on Fed. R. Civ. P. 57 and 28 U.S.C. §2201. There exists complete diversity between the parties, and the amount in controversy of the underlying action is alleged by Plaintiff to exceed $75,000, exclusive of interest and costs.

## III.
### VENUE

11.      Venue is proper in this matter pursuant to 28 U.S.C. §1391 as substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.
### FACTUAL ALLEGATIONS

12.      In 2002 the University of Houston System ("University") entered into an agreement with architectural design firm Hellmuth, Obata + Kassabaum, L.P. ("HOK") to design and deliver the project known as the University of Houston-Clear Lake Student Services Building ("SSB") located at 2700 Bay Area Boulevard, Houston, Texas ("Project"). The University then contracted with Swinerton who was to act as the construction manager (commonly referred to as the general contractor). Swinerton, in turn, subcontracted with numerous entities that provided various services:

> i. NOW Specialties ("**NOW**") – scope of work included fabrication and installation of composite metal panels to be used on the exterior of the building wall envelope.

    ii.   Pyramid Waterproofing, Inc. ("**Pyramid**") – scope of work included application of thermoplastic membrane roofing and installation of flashing and sheet metal at the Project

    iii.   B&B Glass, Inc. ("**B&B**") – scope of work included installation and sealing of windows at the Project

    iv.   Mid-Continental Restoration Co., Inc. ("**MCR**") – scope of work included application of bituminous dampproofing and installation of waterproofing and joint sealants at the Project

    v.   Electronic Technologies Corporation ("**ETC**") – scope of work included the electronic security/monitoring system at the Project

    vi.   Excel Plumbing, Inc. ("**Excel**") – scope of work included plumbing installation at the Project

    vii.   Cypress Industrial Coatings, Inc. ("**Cypress**") – scope of work included installation of concrete floor coatings at the Project[1]

13.    Each subcontractor named Swinerton as an additional insured under their respective insurance policies, as required by the subcontract. See Exhibits 1 – 8.

14.    In 2006 the University filed suit against both Swinerton and HOK with respect to the Project. The facts alleged by the University are described in Plaintiff's Second Amended petition, attached hereto as Exhibit 9, which generally assert Swinerton and HOK breached their respective contracts and/or warranties with the University. In short, the University alleged that the SSB leaks and blamed HOK and Swinerton. A more detailed reading of the petition reveals, and subsequent discovery has confirmed, that the allegations against Swinerton arise out of the work performed by the above-enumerated subcontractors.

15.    Swinerton made claims as an additional insured for defense and indemnity under the seven subcontractors' insurance policies shortly after the University filed suit. The subcontractors had policies with the following insurance carriers:

---

[1] The subcontractor list is not exhaustive as Swinerton entered into other subcontracts during the Project.

4

    i.  NOW: Amerisure

    ii.  Pyramid: CNA

    iii.  B&B: Hartford

    iv.  MCR: Zurich and St. Paul

    v.  ETC: ACE

    vi.  Excel: Continental Western

    vii.  Cypress: Atlantic Casualty

16.    Amerisure accepted the claim on January 24, 2008. See Exhibit 10. The other insurance carriers, however, did not respond to Swinerton's defense tender which precipitated a second demand on June 11, 2008. See Exhibit 11. Shortly thereafter CNA agreed to participate in Swinerton's defense pursuant to a reservation of rights. See Exhibit 12. The other carriers did not respond to Swinerton's second demand.

17.    Swinerton sent a third demand on January 16, 2009. See Exhibit 13. Neither Hartford, Zurich, St. Paul, ACE, Continental Western or Atlantic Casualty responded to Swinerton's *third* demand.

18.    Swinerton sent a *fourth* demand to the insurance carriers on September 15, 2009. See Exhibit 14. Nearly two years after Swinerton made its first demand for defense and indemnity to Hartford, Zurich, Travelers, ACE, Continental Western and Atlantic Casualty, the carriers responded. **Belatedly the carriers denied Swinerton's additional insured demands for defense and indemnity.** See Exhibits 15 – 21.

19.    Meanwhile, despite CNA's and Amerisure's acceptance of Swinerton's additional insured claim, they have not complied with their full defense obligations.

## V.
## Cause of Action - Declaratory Judgment

20.     Swinerton seeks a declaration, pursuant to 28 U.S.C. 2201, 2202, that the Defendants are liable to Swinerton and that Swinerton is entitled to a defense, indemnity and payment in full for all damages, costs, and expenses suffered by Swinerton as an additional insured in this matter under the above-referenced insurance policies.  The Defendants issued insurance policies benefiting Swinerton, and each policy named Swinerton an additional insured. The University filed suit against Swinerton and the Defendants have been notified of the suit. The claims asserted by the University, if true, would be covered by the insurance policies.

## VI.
## ATTORNEYS' FEES

21.     Swinerton has been forced to hire the undersigned attorneys to prosecute this claim.  Pursuant to 28 U.S.C. 2202, Swinerton respectfully requests that the Court award Swinerton the reasonable and necessary attorneys' fees it incurs in seeking to enforce the contractual indemnity and defense obligations that the Carriers have wrongfully refused to honor.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Swinerton Builders respectfully prays that Defendants be cited to appear and answer this lawsuit and that this Court enter a judgment against Defendants for the following:

1.     Declaration that Defendants owe Swinerton complete defense and indemnity as to any and all claims being made against Swinerton in Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas and for any and all liability that may be found against Swinerton for such claims, pursuant to the subcontract and product supply agreements entered into between Swinerton and Defendants;

2.  Declaration that Defendants reimburse Swinerton for all defense costs that it has incurred and will continue to incur in defense of the claims being made against Swinerton in Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas;

3.  All reasonable and necessary attorney's fees incurred by Swinerton in this lawsuit; and

4.  All other relief to which Swinerton is entitled.

Respectfully submitted,

JOHNSON, TRENT, WEST & TAYLOR, L.L.P.

By:

Lawrence J. West
State Bar No. 21202600
Federal ID No. 11124
919 Milam Street, Suite 1700
Houston, Texas 77002
(713) 222-2323 – Telephone
(713) 222-2226 – Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF SWINERTON BUILDERS**

**OF COUNSEL:**

JOHNSON, TRENT,
WEST & TAYLOR, L.L.P.
Joshua W. Mermis
State Bar No. 24039055
919 Milam Street, Suite 1700
Houston, Texas 77002
(713) 222-2323 – Telephone
(713) 222-2226 – Facsimile

**Of-Counsel for Plaintiff,
SWINERTON BUILDERS**

146435.1-4/28/2010

7

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Swinerton Builders

**DEFENDANTS**

Zurich American Insurance Company, Travelers Insurance Company, et al

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Johnson, Trent,  West & Taylor,L.L.P., 910 Milam, Suite 1700, Houston, Texas 77002, (713) 222-2323

Attorneys (If Known)

United States District Court
Southern District of Texas
FILED

MAY 1 8 2010

David J. Bradley, Clerk of Court

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 2201

Brief description of cause:
Declaratory Judgment action seeking a ruling that Defendants owe a defense.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   5/18/10

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.        (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.        Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.        Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.        Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.        Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.        Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**                Example:                U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.        Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.        Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.