12

RECEIVED   AUG 01 08
3:23P



**CNA**
Transportation Insurance Company
405 Howard St., 6th Floor
San Francisco, California 94105

Jeffery L. Baker
Claims Specialist
Construction Defect Claims
(415) 932-415-932-7435
(415) 932-7111 (fax)
(800) 262-7161 Toll Free

July 25, 2008

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Mr. James M. Parker, Jr. Esq.
McDowell & Parker, LTD.
6104-C Broadway
San Antonio, Texas 78209

Re:            **University of Houston System v. Swinerton Builders, et al.**
  Our Insured:        Pyramid Waterproofing, Inc.
  Our Claim No.:      E2323416
  Claimant:           University of Houston System
  Case No.:           200676157
  Policy No.:         2082685948
  Effective:          01/27/06 to 01/27/07
  Companies:          Transportation Insurance Company
  Your Client:        Swinerton Builders

Dear Mr. Parker:

Transportation Insurance Company has carefully considered your request that we defend and indemnify your client Swinerton Builders with respect to the action of University of Houston System v. Swinerton Builders. Transportation Insurance Company will participate in your client's defense subject to a complete reservation of rights.

The Third-Party Petition filed by Swinerton Builders, Inc. indicates that this matter arises out of the design/construction of the University of Houston Clear Lake Student Services/Classroom Building located at 2700 Bar Area Blvd., Houston, TX. The petition states that our named insured applied a thermoplastic membrane roofing and installed flashing and sheet metal at the project.

The original petition, which appears to have been filed in November 2006, states that the University entered into a "turn-key" project with Swinerton on June 14, 2002 for the construction of the project. Plaintiff contends that the project has "significant design and construction problems...causing significant and continuous water infiltration into the building."

An affidavit signed by an architect retained by the University states that in his professional opinion the "water infiltration problem results in part from HOK's (the original architect) poor design and oversight"

specifically its "failure to specify the flashing required to prevent water penetration in its illustrations detailing the connection of the composite metal panels and other exterior components to the aluminum frame window system..."

It appears that our named insured's first notice was in July 2006 when a representative of Pyramid Waterproofing met with the Swinerton Builders' principal to discuss waterproofing issues.

Given that there is a potential that there is covered property damage related to the allegations in the petition and third-party petition Transportation Insurance Company will participate in your client's defense and/or indemnity subject to a complete reservation of rights.

Transportation Insurance Company will pay the additional insured's reasonable, necessary and properly documented defense expenses in the above matter that were incurred subsequent to the date of tender. Attorney's fees will be paid at a reasonable rate for the industry; please contact us at your earliest convenience to reach a fee arrangement. This agreement, of course, assumes that the additional insured does not currently have in place arrangements with any other insurers or entities to fund portions of its defense in the underlying action. To the extent that such arrangements exist, please provide us with information regarding the scope of another insurer's or entity's participation in the additional insured's defense, and please contact us to discuss our participation in the defense of this action. Please forward bills for legal fees and other defense expenses (including expert, consultant and vendor fees) to the undersigned for review and consideration.

Please note that Transportation Insurance Company is agreeing to defend only Swinerton Builders. We are not making any commitments to defend any other parties, including any successor corporations. You should contact the undersigned, should you have any concerns about defense obligations.

In addition, so that Transportation Insurance Company may promptly evaluate and assert its rights to equitable contribution, please provide us immediately with the names of any other insurers that you believe potentially owe the additional insured a defense in the above referenced action(s), either as a direct insured or as an additional insured, together with relevant policy numbers.

Nothing in this letter shall be construed to waive any Transportation Insurance Company's legal, equitable or contractual rights. We expressly reserve the right to seek reimbursement from the additional insured for those defense costs attributable solely to the defense of matters that do not relate in any way to the work our named insured or to the defense of matters that otherwise are not covered under the terms and conditions of the above referenced policy.

Transportation Insurance Company issued commercial general liability coverage to your company under Policy No. 2082685948 with effective dates of 01/27/06 to 01/27/07.
The Policy has a limit of $1,000,000 for each occurrence. The Policy's products-completed operations aggregate is $2,000,000. The policy has a $10,000 property damage deductible per occurrence. However, the policy is subject to a separate $50,000 property damage deductible for "completed – operations" per occurrence for construction of residential structures.

The policy contains Coverage A, which applies to "bodily injury" and "property damage." The Policy also contains Coverage B, which applies to Personal Injury and Advertising Injury Liability. However, at

3

this time, the plaintiffs do not allege, and the facts do not indicate any "personal injury" or "advertising injury" which may be provided coverage under the Policy. We reserve our right to raise other coverage defenses that subsequently arise as circumstances may warrant. We reserve our right to further investigate this matter and supplement, alter, amend, or modify this reservation of rights should any additional grounds for reservation or disclaimer of coverage come to light during any future investigation of this claim or in the course of discovery.

Swinerton Builder's status as an additional insured is governed by form G140331A (ed.01/01) CONTRACTORS BLANKET ADDITIONAL INSURED ENDORSEMENT, which provides the following:

**IMPORTANT: THIS ENDORSEMENT CONTAINS DUTIES THAT APPLY TO THE ADDITIONAL INSURED IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT. SEE PARAGRAPH C.1. OF THIS ENDORSEMENT FOR THESE DUTIES.**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONTRACTOR'S SCHEDULED AND BLANKET ADDITIONAL INSURED ENDORSEMENT WITH PRODUCTS-COMPLETED OPERATIONS COVERAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Name of Person or Organization:**   **Designated Project:**

**(Coverage under this endorsement is not affected by an entry or lack of entry in the Schedule above.)**

A. **WHO IS AN INSURED (Section II)** is amended to include as an insured any person or organization, including any person or organization shown in the schedule above, (called additional insured) whom you are required to add as an additional insured on this policy under a written contract or written agreement; but the written contract or written agreement must be:

   1. Currently in effect or becoming effective during the term of this policy; and

   2. Executed prior to the "bodily injury," "property damage," or "personal and advertising injury".

B. The insurance provided to the additional insured is limited as follows:

   1. That person or organization is an additional insured solely for liability due to your negligence specifically resulting from "your work" for the additional insured which is the subject of the written contract or written agreement. No coverage applies to liability resulting from the sole negligence of the additional insured.

   2. The Limits of Insurance applicable to the additional insured are those specified in the written contract or written agreement or in the Declarations of this policy, whichever is less. These Limits of Insurance are inclusive of, and not in addition to, the Limits of Insurance shown in the Declarations.

   3. The coverage provided to the additional insured by this endorsement and paragraph **f.** of the definition of "insured contract" under DEFINITIONS (Section V) do not apply to "bodily injury" or "property damage" arising out of the "products-completed operations hazard" unless required by the written contract or written agreement.

4

4. The insurance provided to the additional insured does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of an architect's, engineer's, or surveyor's rendering of or failure to render any professional services including:

   a. The preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

   b. Supervisory, or inspection activities performed as part of any related architectural or engineering activities.

C. As respects the coverage provided under this endorsement, **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** are amended as follows:

   1. The following is added to the Duties In The Event of Occurrence, Offense, Claim or Suit Condition:

      e. An additional insured under this endorsement will as soon as practicable:

         (1) Give written notice of an occurrence or an offense to us which may result in a claim or "suit" under this insurance;

         (2) Tender the defense and indemnity of any claim or "suit" to any other insurer which also has insurance for a loss we cover under this Coverage Part; and

         (3) Agree to make available any other insurance which the additional insured has for a loss we cover under this Coverage Part.

      f. We have no duty to defend or indemnify an additional insured under this endorsement until we receive written notice of a claim or "suit" from the additional insured.

   2. Paragraph **4.b.** of the Other Insurance Condition is deleted and replaced with the following:

      **4. Other Insurance**

         b. **Excess Insurance**

            This insurance is excess over any other insurance naming the additional insured as an insured whether primary, excess, contingent or on any other basis unless a written contract or written agreement specifically requires that this insurance be either primary or primary and noncontributing.

The policy is subject to Coverage Form CG-0001 (ed. 10/01). Please note that the preamble of the CG0001 coverage forms state that "you" and "your" refer to the named insured. Please also note that this insuring agreement has been amended by known loss exclusion endorsement form G136080A. The Insuring Agreement, as amended by Form G136080A (02/00) states:

**AMENDMENT OF INSURING AGREEMENT –
KNOWN OR CONTINUING INJURY OR DAMAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)

Paragraph 1. Insuring Agreement of Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:

**1. Insuring Agreement**

5

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

> **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

> **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

> **(3)** With respect to "bodily injury" or "property damage" that continues, changes or resumes so as to occur during more than one policy period, both of the following conditions are met:

>> **(i)** Prior to the policy period, no Authorized Insured knew that the "bodily injury" or "property damage" had occurred, in whole or in part; and

>> **(ii)** During the policy period, an Authorized Insured first knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

For purposes of this Paragraph **1.b.(3)** only, if **(a)** "bodily injury" or "property damage" that occurs during this policy period does not continue, change or resume after the termination of this policy period; and **(b)** no Authorized Insured first knows of this "bodily injury" or "property damage" until after the termination of this policy period, then such first knowledge will be deemed to be during this policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any Authorized Insured includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

6

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any Authorized Insured:

> **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

> **(2)** Receives a written or verbal demand, claim or "suit" for damages because of the "bodily injury" or "property damage"; or

> **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

The following definition is added to Section **V** – Definitions:

Authorized Insured means any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured, or any "employee" authorized by such an insured to give or receive notice of an "occurrence" or claim.

Under this policy, "bodily injury" and "property damage" are defined, respectively, as:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**17.** "Property damage" means:

> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

> **b.** Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

Please note that for coverage to apply, the "bodily injury" or "property damage" must be caused by an "occurrence", which is defined as:

> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

In the present matter it is unclear if the damages being claimed have continued, changed or resumed during more than one policy period. Transportation Insurance Company reserves the right to disclaim coverage and withdraw our defense if the facts of this loss reveal that property damage has continued, changed or resumed so as to occur during more than one policy period without first notice of such property damage to an Authorized Insured during the policy period.

7

Furthermore, under no circumstances would more than one policy provide coverage for this loss as each of the policies contain the Amendment of Insuring Agreement Known or Continuing Injury or Damage endorsement which restricts coverage to one policy where property damage manifests, continues, changes, or resumes as to occur in more than one policy period.

The following are some exclusions which may also serve to prevent coverage for some damages claimed:

### 2.  Exclusions

This insurance does not apply to:

#### b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

"Property damage" to:

(1) Property you own, rent, or occupy;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

"Products-completed operations hazard" is defined as:

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

8

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    **(a)** When all of the work called for in your contract has been completed.

    **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

    **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

Additional exclusions include:

    **k.** **Damage to Your Product**

      "Property damage" to "your product" arising out of it or any part of it.

    **l.** **Damage to Your Work**

      "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

      This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

    **m.** **Damage to Impaired Property or Property Not Physically Injured**

      "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

      **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

      **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

      This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

    **n.** **Recall Of Products, Work Or Impaired Property**

      Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

      **(1)** "Your product;"

      **(2)** "Your work;" or

      **(3)** "Impaired property;"

9

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

The policy defines "impaired property", "insured contract", "your product" and "your work" as:

**8.** "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:
   **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
   **b.** You have failed to fulfill the terms of a contract or agreement;
   if such property can be restored to use by:
   **a.** The repair, replacement, adjustment or removal of "your product" or "your work;" or
   **b.** Your fulfilling the terms of the contract or agreement.

**9.** "Insured contract" means:

   **a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

   **b.** A sidetrack agreement;

   **c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

   **d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

   **e.** An elevator maintenance agreement;

   **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

   Paragraph **f.** does not include that part of any contract or agreement:

   **(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

   **(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

**20.** "Your product" means:

    **a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(1)** You;

        **(2)** Others trading under your name; or

        **(3)** A person or organization whose business or assets you have acquired; and

    **b.** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    "Your product" includes:

    **a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **b.** The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

**21.** "Your work" means:
    **a.** Work or operations performed by you or on your behalf; and
    **b.** Materials, parts or equipment furnished in connection with such work or operations.
"Your work" includes:
    **a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work;" and
    **b.** The providing of or failure to provide warnings or instructions.

Additionally, the subject policy included form G142561A42 (ed.11/03) *the FUNGI/MOLD/MILDEW/YEAST/MICROBE EXCLUSION-TEXAS endorsement which provides the following:*

11

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FUNGI / MOLD / MILDEW / YEAST / MICROBE EXCLUSION – TEXAS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**A.** The following exclusion is added to Paragraph 2., **Exclusions**, of **Section I – Coverage A – Bodily Injury and Property Damage Liability:**

This insurance does not apply to:

## Fungi and Microbes

(1) "Bodily injury" arising out of or relating to, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any "fungi" or "microbes." This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to such injury or damage, loss, cost or expense. But this exclusion does not apply where your business is food processing, sales, or serving, and the "bodily injury" is caused solely by food poisoning in connection with such processing, sales, or serving.

(2) "Property damage" arising out of or relating to the actual, alleged or threatened contact with, exposure to, existence of, or growth or presence of any "fungi" or "microbes."

(3) Any loss, cost or expense arising out of or relating to the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of "fungi" or "microbes" by any insured or by anyone else.

**B.** The following exclusion is added to Paragraph 2., **Exclusions**, of **Section I – Coverage B – Personal and Advertising Injury Liability:**

This insurance does not apply to:

## Fungi and Microbes

(1) "Personal and advertising injury " arising out of or relating to, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any "fungi" or "microbes."

(2) Any loss, cost or expense arising out of or relating to the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of "fungi" or "microbes" by any insured or by anyone else.

This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to such injury, loss, cost or expense.

**C.** The following definitions are added to Section V – Definitions:

"Fungi" means any form of fungus, including but not limited to, yeast, mold, mildew, rust, smut or mushroom, and including any spores, toxins, odors, or any other substances, products, or

12

byproducts produced by, released by, or ar... g out of the current or past presence of fungi. But "fungi" does not include any fungi intended by ... ed for consumption.

"Microbe" means any non-fungal micr... m or non-fungal, colony-form organism that causes infection or disease. "Microbe" include... ...ores, mycotoxins, odors, or any other substances, products, or byproducts produced by, ... d by, or arising out of the current or past presence of microbes. But "microbe" does not mean r... ...bes that were transmitted directly from person to person.

**D.** The following condition is added to Section ... – **Commercial General Liability Conditions:**

**Arbitration**

For "property damage," the determin... what portion of a loss is attributable to "fungi" and "microbes," and what portion is not, sh... ...ade by us. If you disagree with that determination, you and we agree to submit to binding a... according to the Commercial Arbitration Rules of the American Arbitration Association, or a... to such other rules as you and we agree to. If binding arbitration of insurance disputes is not ... in the state where you are incorporated (or, if you are not a corporation, the state where you ... ...iciled), then arbitration shall be non-binding, and shall only proceed if both you and we agree t... into it. The arbitration will be held in the county where you are headquartered, or at such other l... ...n as may be jointly agreed to by the arbitrators. Each party will bear its own arbitration costs.

Finally, this policy also included form G1... ...ie Exterior Finish Exclusion which provides the following:

**THIS ENDORSEMENT CHAN... POLICY. PLEASE READ IT CAREFULLY.**

**EXTERIOR FINISH ... EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provid... ...ler the following:

COMMERCIAL GENERAL LIABILITY COV... ...GE PART

**1.** The following is added to Section **I** – C... ...e, paragraph **2.** Exclusions of COVERAGE **A** BODILY INJURY AND PROPERTY DAMAGE ...Y and paragraph **2.** Exclusions of COVERAGE **B** PERSONAL AND ADVERTISING LIAB...

This insurance does not apply to:

**a.** Any "bodily injury," "property dar... "personal and advertising injury" arising out of the design, sale, distribution, manu... ...nstruction, fabrication, preparation, installation, application, maintenance or repai... ...ing remodeling, service, correction, or replacement, of an exterior finish system or any ... ...reof, or any substantially similar system or any part thereof, including the applicatio... ...ie of conditioners, primers, accessories, flashings, coatings, caulkings or sealants in co... ...n with such system.

**b.** Any "bodily injury," "property dam... "personal and advertising injury" arising out of your ongoing operations if the "bodily ... ...operty damage" or "personal and advertising injury" is caused directly or indirectly by ... ...r finish system; or

**c.** Any "bodily injury" or "property ... included in the "products-completed operations hazard" in the "bodily injury" or "p... ...amage" is caused directly or indirectly by an exterior finish system.

This exclusion applies:

   **a.** Whether the "bodily injury," "property damage" or "personal and advertising injury" is caused solely by an exterior finish system or by an exterior finish system in combination with other causes; and

   **b.** Whether performed by you or on your behalf.

**2.** As used in this endorsement:

   **a.** Exterior finish system means a synthetic exterior wall cladding system that is intended to be water tight at the outside surface and designed to consist of:

     **(1)** A backer board that is attached to any building surface or substrate;

     **(2)** An integrally reinforced base coat on the face of the backer board;

     **(3)** A protective finish applied to the surface of the base coat; and

     **(4)** Applicable accessories, flashing, coatings, caulking and sealants

     that interact to form an energy efficient wall.

   **b.** Backer board includes but is not limited to insulation board, foam board, cement board, cementitious backer board, plywood, oriented strand board, any gypsum based board, metal sheet, concrete block or concrete.

Transportation Insurance Company provided coverage to our named insured with earlier policies which were in effect from 01/27/04-05; 06. Each of these policies has similar limits and coverage and therefore the terms of these policies will not be repeated.

The Policy's coverage grant provides that coverage is only afforded for those sums that the insured becomes "legally obligated to pay as damages." To the extent that you will not be legally obligated to pay any sums as damages, no coverage is available under the policy.

Additionally, to the extent that any damage falls outside of the definition of "bodily injury" or "property damage," no coverage is available for that damage under the policy (ies). Additionally, if any "bodily injury" or "property damage" was not caused by an "occurrence," no coverage is available under the policy (ies) for that damage.

There is no coverage for any damages related to the allegations of breach of warranty, breach of contract and implied indemnity to the extent they are not "property damage" and are not a result of an accident.

Pursuant to the Insuring Agreement, "bodily injury" or "property damage" that continues, changes or resumes, such that it occurs during more than one policy period, is not covered under this policy unless the insured first knew of the "bodily injury" or "property damage" during this policy period. Further, should "bodily injury" or "property damage" covered under this policy continue, change or resume after the expiration of this policy, any potential coverage for such continuing, changing or resuming "bodily injury" or "property damage" would be limited to this policy period.

As described above, the policy contains an exclusion which pertains to liability assumed in a contract or agreement. Please be advised that liability policies do not cover all liability which a party may choose to assume in a construction contract. The Contractual Liability Exclusion and the related definition of "insured contract" limit the coverage afforded. Any such coverage is also subject to all the

other terms and conditions of the policy. ... ansportation Insurance Company reserves the right to deny coverage, in whole or in part, based upo ... is exclusion.

Additionally, as further facts are revealed ... ough investigation and discovery, it may become clear that coverage for certain "bodily injury" or "p ... rty damage" is barred by the other exclusions set forth above. Exclusion "j," as quoted in full a ... , preclude coverage for certain types of damage to property. To the extent that the "proper ... am ge" arise out of your ongoing operations, and to the extent that the other conditions of the ex ... ion are met, coverage is denied. The policies are also subject to exclusions "k" and "l" which p ... de coverage for damage to your product and your work, as quoted in full above. To the extent th ... ny of the injury or damage arises from or is predicated on "property damage" to "your product" or ... r work" coverage is denied. Under the parameters set forth in exclusion "m" quoted above, cov ... e is denied to the extent that any of the damage pertains to property which has not been physical ... ured or to "impaired property." Under the parameters set forth in exclusion "n," coverage is barre ... cost or expense related to the loss of use, withdrawal, recall, inspection, repair, replacement, a ... me t, removal or disposal of "your product," "your work," or "impaired property." Further, ... y coverage for claims seeking recovery of economic losses, fines, penalties or punitive damag ...

The policy conditions require that you:

> (1) Immediately send us copies ... ay demands, notices, summonses or legal papers received
> in connection with the claim o ...

> (2) Authorize us to obtain rec... ... ther information;

> (3) Cooperate with us in the inv... ... n, ... ment or defense of the claim or "suit;" and

> (4) Assist us, upon our reque ... the enforcement of any right against any person or
> organization which may be lia ... o the insured because of injury or damage to which this
> insurance may also apply.

## FULL ... TION OF RIGHTS

By accepting defense pursuant to this r ... of rights, Transportation Insurance Company is not admitting that any legal duty to defend o ... ify exi ... or ever existed except as stated in this letter. Instead, our participation in your clien ... ase is rovided under a reservation of rights which includes, but is not limited to, each of the ... ng:

> 1. Transportation Insurance Co ... lly reserves its right to deny coverage based
>    on each of the policy provisi ... rth above. Our investigation does not waive
>    or change the Policy's term ... oes not waive our right to dispute issues of
>    coverage. We reserve the ... y coverage for defense or indemnity at any
>    time.

> 2. Transportation Insurance Co ... articip ion in your client's defense does not
>    waive or change the Policy ... C ... participation in Swinerton Builder's
>    defense does not waive our ... dispute issues of coverage. Nor does our

participation require us to m⸻ ⸻ettlement offers or satisfy any judgments on Swinerton Builder's behalf ⸻ ⸻s not covered by the Policy.   During the settlement process, we may ⸻ ⸻you to seek contribution towards uncovered damages.

3. The right to have a court ⸻ ⸻ne whether or not Transportation Insurance Company is (or ever was) ob⸻ ⸻o indemnify Swinerton Builders in this action (or to otherwise establish o⸻ ⸻ctive rights), except as acknowledged in this letter.

4. Transportation Insurance C⸻ ⸻eserves the right to withdraw the defense should the lawsuit against ⸻ ⸻n Builders not present a claim potentially covered under the Policy.

5. If there is a judicial determina⸻ ⸻t Transportation Insurance Company does not owe a duty to defend or indemnify ⸻ ⸻f the claims in the University of Houston, et al. suit, we reserve the right to seek ⸻ ⸻ement from Swinerton Builders of any or all of its attorneys' fees and costs we ⸻ ⸻defending those claims, and all indemnity payments we may make to settle those ⸻ ⸻r satisfy any judgment on those claims.

Transportation Insurance Company has n ⸻ ⸻to any set formula nor to a pro-rata share of the bills incurred defending the AI, other than as o⸻ ⸻bove.  We will not pay those fees incurred defending the AIs pursuant of Transportati⸻ ⸻ance Company's policy.

Transportation Insurance Company reserv⸻ ⸻t to seek reimbursement of defense costs and indemnity payments against all of AIs oth⸻ ⸻whether participating in their defense or not. However, to evaluate the extent of Trans⸻ ⸻Insurance Company's defense obligations to the AI, please forward a complete itemization of ⸻ ⸻es and costs incurred to date by your firm.

Transportation Insurance Company rese⸻ ⸻ht to dispute the reasonableness and necessity of the fees incurred from the date of the ten⸻ ⸻w⸻the apportionment of fees, from the date on which defense obligations were triggered. ⸻ ⸻rtatio⸻ Insurance Company will not reimburse any pre-tender fees or costs.  We reserve the ⸻ ⸻view ⸻ll bills incurred in the defense of the AI.  If more than one defense firm is used, we w⸻ ⸻r fo⸻ ny overlapping work.

Please provide the following informatio⸻ ⸻possible so that we may move quickly to meet our defense obligation to your client and o⸻ ⸻insured:

- Identify any other insu⸻ ⸻that may apply to your clients and any other parties who may have ⸻ c⸻ ⸻er⸻ indemnify your client in this matter.

- The identity and contacts, ⸻ an ⸻ailable telephone numbers, of your clients' primary carriers

- Please advise the respons⸻ ⸻rec⸻ed from any other parties to whom you have tendered your client's d⸻ ⸻whe⸻ er they have agreed to a particular

6

arrangement in the defe·       · cli·nt.

Please contact the undersigned to discuss       icip. ion in the defense of the additional insured.

In the meantime, should you have any c·       ·r co··ments, please do not hesitate to contact me.

Sincerely,
TRANSPORTATION INSURANCE CON·

Jeffery L. Baker
Claims Specialist

cc:  Michael Gerstle, Esq.
     Barmore Insurance Agency



# McDOWELL & PARKER, LTD.

*Attorney at Law*

JAMES M. "JAMIE" PARKER, JR.
Board Certified / Civil Appellate Law
Texas Board of Legal Specialization
jparker@mcd-p.com

6104-C Broadway
San Antonio, Texas 78209

TELEPHONE:
(210) 805-8166
FAX:
(210) 805-8873

January 16, 2009

Mr. Gregory W. Marcum
KROGER MYERS FRISBY & HIRSCH                    by Facsimile:  (713) 961-7953
3100 Weslayan #300
Houston, Texas 77207

Denise L Nestel
PORTER & HEDGES, L.L.P.                          by Facsimile (713) 226-6212
1000 Main, 36th Floor
Houston, Texas 77002-6336

Mr. Robert D. Brown
DONATO, MINX & BROWN, P.C.                       by Facsimile:  (713) 871-1138
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027

C. Zan Turcotte
ISGITT & TURCOTTE                                by Facsimilie: (713) 572-6585
800 Sawyer St.
Houston, Texas 77007

Stephen V. Zamprelli
CYPRESS INDUSTRIAL COATINGS                      by Regular Mail
12802 Rolling Valley Dr.
Cypress, Texas 77429

    Re:    Cause No.2006-76157, *University of Houston System v. Swinerton Builders, et al*, in the 334th Judicial District, Harris County, Texas

Counsel,

In June of 2008, I forwarded the attached letter demanding a defense and indemnity from each one of your clients and/or their carriers in the above referenced action based upon the subcontracts and insurance agreements naming Swinerton as an additional insured under the various policies.

To date, only NOW's and Pyramid's carriers have responded to our demand for defense and indemnity and have accepted the defense of the litigation. The remaining parties and carriers have wholly failed to respond. We would hereby reiterate the previous demands by Swinerton Builders and its parents and affiliated

companies that they be provided a defense and indemnity for the claims made in this case by the University of Houston.  We again request that you forward this demand to your respective carriers, or provide me with direct contact information if you would prefer it to be handled in that manner.

In the meantime, if you have any questions, please do not hesitate to contact us.

Very truly yours,

James M. Parker, Jr.

cc:    Charles Getman

JMP/dts

# McDOWELL & PARKER, LTD.

*A t torney at L aw*

JAMES M. "JAMIE" PARKER, JR.
Board Certified / Civil Appellate Law
Texas Board of Legal Specialization
jparker@mcd-p.com

6104-C Broadway
San Antonio, Texas 78209

TELEPHONE :
(210) 805-8166
FAX :
(210) 805-8873

June 11, 2008

Mr. Gregory W. Marcum
KROGER MYERS FRISBY & HIRSCH          by Facsimile:  (713) 961-7953
3100 Weslayan #300
Houston, Texas 77207

Denise L Nestel
PORTER & HEDGES, L.L.P.               by Facsimile (713) 226-6212
1000 Main, 36th Floor
Houston, Texas 77002-6336

Steven D. Grossman
SHEINESS, SCOTT, GROSSMAN & COHN, L.L.P.
1001 McKinney                        by Facsimile:  (713) 374-7049
Suite 1400
Houston, Texas 77002-6323

Mr. Michael B. Gerstle
GERSTLE, MINISSALE & SNELSON, LLP     by Facsimile:  (214)363-9979
5005 Greenville Avenue, Suite 200
Dallas, Texas 75206

Mr. Robert D. Brown
DONATO, MINX & BROWN, P.C.            by Facsimile:  (713) 871-1138
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027

C. Zan Turcotte
ISGITT & TURCOTTE                     by Facsimilie: (713) 572-6585
800 Sawyer St.
Houston, Texas 77007

Stephen V. Zamprelli
CYPRESS INDUSTRIAL COATINGS           by Regular Mail
12802 Rolling Valley Dr.
Cypress, Texas 77429

Re:    Cause No.2006-76157, *University of Houston System v. Swinerton
       Builders, et al*, in the 334th Judicial District, Harris County, Texas

Counsel,

Under §(A)(2)(a) of Attachment A to the subcontracts signed by each of your clients, Swinerton Builders, and its parents and affiliated companies, were to be named as additional insureds under various insurance policies covering the University of Houston project. Our preliminary review of each of the subcontracts and insurance documents appears to confirm that Swinerton was, in fact, named as an additional insured under the policies proffered by each your clients in order to fulfill their contractual duties under Attachment A. It is our understanding that Swinerton Builders previously put your clients directly on notice of its demand for defense and indemnity arising out of its status as an additional insured under each applicable policy. It is further our understanding that, to date, only NOW's carrier has responded to this demand and accepted the defense of the current litigation. To the extent necessary, we would hereby reiterate the demand by Swinerton Builders and its parents and affiliated companies that they be provided a defense and indemnity for the claims made in this case by the University of Houston. We would therefore appreciate it if you would forward this demand to your respective carriers, and we will await their prompt response.

In the meantime, if you have any questions, please do not hesitate to contact us.

Very truly yours,

James M. Parker, Jr.

cc:    Charles Getman

JMP/dts

# McDOWELL & PARKER, LTD

**6104-C Broadway**
**San Antonio, Texas 78209**
**(210) 805-8166**
**(210) 805-8873 (FAX)**

---

## Facsimile Transmittal Sheet

---

**DATE:** January 16, 2009

**TO:** Mr. Gregory W. Marcum          **FAX NUMBER:** (713) 961-7953
**TO:** Ms. Denise L Nestel             **FAX NUMBER:** (713) 226-6212
**TO:** Ms. C. Zan Turcotte             **FAX NUMBER:** (713) 572-6585
**TO:** Mr. Robert D. Brown             **FAX NUMBER:** (713) 877-1138

**FROM:** James M. Parker, Jr.

**NUMBER OF PAGES:**
**(INCLUDING COVER)**

**RE:**   Cause No.2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas

**NOTES/COMMENTS:**

**SENDER:**dts

---

INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM IT IS ADRESSED OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT.  YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR DISTRIBUTION OF THIS COMMUNICATION IS STRICKLY PROHIBITED.   SHOULD YOU RECEIVE THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE (210) 805-8166, AND PLEASE RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE.

01/16/2009 FRI 11:39    FAX    ☑001

```
                    ****************************
                    *** FAX MULTI TX REPORT ***
                    ****************************


JOB NO.              4990
DEPT. ID             1
PGS.                 5
TX/RX INCOMPLETE     -----
TRANSACTION OK       17139617953
                     17132266212
                     17135726585
ERROR                17138771138
```

# McDOWELL & PARKER, LTD

**6104-C Broadway**
**San Antonio, Texas 78209**
**(210) 805-8166**
**(210) 805-8873 (FAX)**

## Facsimile Transmittal Sheet

**DATE:** January 16, 2009

**TO:** Mr. Gregory W. Marcum      **FAX NUMBER:** (713) 961-7953
**TO:** Ms. Denise L Nestel        **FAX NUMBER:** (713) 226-6212
**TO:** Ms. C. Zan Turcotte        **FAX NUMBER:** (713) 572-6585
**TO:** Mr. Robert D. Brown        **FAX NUMBER:** (713) 877-1138

**FROM:** James M. Parker, Jr.

**NUMBER OF PAGES:**
**(INCLUDING COVER)**

**RE:**   Cause No.2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas

**NOTES/COMMENTS:**

**SENDER:**dts

INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM IT IS ADRESSED OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT. YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR DISTRIBUTION OF THIS COMMUNICATION IS STRICTLY PROHIBITED. SHOULD YOU RECEIVE THIS TRANSMISSION IN ERROR, PLEASE

01/16/2009 FRI 13:29    FAX                                                  ☑001

```
                    ********************
                    *** FAX TX REPORT ***
                    ********************

                    TRANSMISSION OK

          JOB NO.                4994
          DEPT. ID               1
          DESTINATION ADDRESS    17138771138
          PSWD/SUBADDRESS
          DESTINATION ID
          ST. TIME               01/16 13:20
          USAGE T                09'02
          PGS.                   5
          RESULT                 OK
```

# McDOWELL & PARKER, LTD

### 6104-C Broadway
### San Antonio, Texas 78209
### (210) 805-8166
### (210) 805-8873 (FAX)

## Facsimile Transmittal Sheet

### DATE: January 16, 2009

**TO:** Mr. Gregory W. Marcum      **FAX NUMBER:** (713) 961-7953
**TO:** Ms. Denise L Nestel      **FAX NUMBER:** (713) 226-6212
**TO:** Ms. C. Zan Turcotte      **FAX NUMBER:** (713) 572-6585
**TO:** Mr. Robert D. Brown      **FAX NUMBER:** (713) 877-1138

**FROM:** James M. Parker, Jr.

**NUMBER OF PAGES:**
**(INCLUDING COVER)**

**RE:** Cause No.2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas

**NOTES/COMMENTS:**

**SENDER:dts**

INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM IT IS ADRESSED OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT. YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR DISTRIBUTION OF THIS COMMUNICATION IS STRICKLY PROHIBITED. SHOULD YOU RECEIVE THIS TRANSMISSION IN ERROR PLEASE

14

# JOHNSON SPALDING
### A T T O R N E Y S   A T   L A W

Joshua Mermis
Attorney

jmermis@js-llp.com
Direct Dial (713) 860-0549

September 15, 2009

St. Paul Mercury Insurance Co.
385 Washington Street
Saint Paul, Minnesota 55102-1396

*Via Facsimile No. 651.310.7334,*
*and CM/RRR*

RE: Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas

### DEMAND FOR DEFENSE AND INDEMNITY

Dear Sir or Madam:

I am enclosing a copy of Plaintiff University of Houston System's ("UH") Original Petition in connection with the above-referenced lawsuit filed against my client Swinerton Builders Co. ("Swinerton") in connection with the University of Houston – Clear Lake Student Services Building (the "Project") in Clear Lake, Texas.

St. Paul Mercury Insurance Co. ("St. Paul") furnished commercial general liability insurance coverage to Mid-Continental Restoration, Inc. ("MCR") from July 1, 2003 to July 1, 2005 under Policy Number KK08001080 (the "Policy") in connection with the Project. I am attaching St. Paul's insurance certificate for reference. Swinerton is an additional insured under the Policy.

UH alleges that the Project has significant design and construction problems causing significant and continuous water infiltration into the building.

Swinerton first tendered its additional insured claim to St. Paul in 2006; Swinerton received no response. Swinerton re-tendered its additional insured claim in 2008 and early 2009. Yet again Swinerton received no response.

Please allow this to serve as Swinerton's fourth demand for defense and indemnity under the Policy. Swinerton hereby demands that St. Paul defend and indemnify Swinerton against this lawsuit brought by UH.

Please call me if you have any questions.

Very truly yours,

Joshua W. Mermis

JWM:ckp
Enclosure

JOHNSON, SPALDING, DOYLE, WEST & TRENT, L.L.P.

919 MILAM • SUITE 1700 • HOUSTON, TX 77002 • (713) 222-2323 • FAX (713) 222-2226 • www.js-llp.com

September 15, 2009
Page 2

cc:    Ms. Denise Nestel                    *Via Facsimile No. 713.228.1331*
       Porter & Hedges, LLP                 *and Hand Delivery*
       10000 Main St., 36th Floor
       Houston, Texas 77002-6336

# JOHNSON SPALDING
### A T T O R N E Y S   A T   L A W

Joshua Mermis
Attorney

jmermis@js-llp.com
Direct Dial (713) 860-0549

September 15, 2009

Twin City Fire Insurance Co.
One Hartford Plaza T 16 85
Hartford, Connecticut 06155

*Via Facsimile No. 860.547.2633,*
*and CM/RRR*

RE: Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas

**DEMAND FOR DEFENSE AND INDEMNITY**

Dear Sir or Madam:

I am enclosing a copy of Plaintiff University of Houston System's ("UH") Original Petition in connection with the above-referenced lawsuit filed against my client Swinerton Builders Co. ("Swinerton") in connection with the University of Houston – Clear Lake Student Services Building (the "Project") in Clear Lake, Texas.

Twin City Fire Insurance Co. ("Twin City") furnished commercial general liability insurance coverage to B&B Glass, Inc. ("B&B") from July 15, 2003 to July 15, 2005 under Policy Number 59UUNUL5071 (the "Policy") in connection with the Project. I am attaching B&B's insurance certificates for reference. Swinerton is an additional insured under the Policy.

UH alleges that the Project has significant design and construction problems causing significant and continuous water infiltration into the building.

Swinerton first tendered its additional insured claim to Twin City in 2006; Swinerton received no response. Swinerton re-tendered its additional insured claim in 2008 and early 2009. Yet again Swinerton received no response.

Please allow this to serve as Swinerton's fourth demand for defense and indemnity under the Policy. Swinerton hereby demands that Twin City defend and indemnify Swinerton against this lawsuit brought by UH.

Please call me if you have any questions.

Very truly yours,

Joshua W. Mermis

JWM:ckp
Enclosure

JOHNSON, SPALDING, DOYLE, WEST & TRENT, L.L.P.

919 MILAM • SUITE 1700 • HOUSTON, TX 77002 • (713) 222-2323 • FAX (713) 222-2226 • www.js-llp.com

September 15, 2009
Page 2


cc:   Mr. Stephen Hodgson                    *Via Facsimile No. 713.961.7953*
      Kroger Frisby                          *and Hand Delivery*
      3100 Weslayan, Suite 300
      Houston, Texas 77027

# JOHNSON SPALDING
### A T T O R N E Y S   A T   L A W

Joshua Mermis
Attorney

jmermis@js-llp.com
Direct Dial (713) 860-0549

September 15, 2009

Zurich Insurance Co.
1400 American Lane Tower 1, Floor 19
Schaumburg, Illinois 60196-1056

*Via Facsimile No. 847.605.7895,*
*and CM/RRR*

RE:  Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas

### DEMAND FOR DEFENSE AND INDEMNITY

Dear Sir or Madam:

I am enclosing a copy of Plaintiff University of Houston System's ("UH") Original Petition in connection with the above-referenced lawsuit filed against my client Swinerton Builders Co. ("Swinerton") in connection with the University of Houston – Clear Lake Student Services Building (the "Project") in Clear Lake, Texas.

Zurich Insurance Company ("Zurich") furnished commercial general liability insurance coverage to Mid-Continental Restoration, Inc. ("MCR") from July 1, 2002 to July 1, 2003 under Policy Number GL0351723801 (the "Policy") in connection with the Project.  I am attaching Zurich's insurance certificate for reference.  Swinerton is an additional insured under the Policy.

UH alleges that the Project has significant design and construction problems causing significant and continuous water infiltration into the building.

Swinerton first tendered its additional insured claim to Zurich in 2006; Swinerton received no response.  Swinerton re-tendered its additional insured claim in 2008 and early 2009.  Yet again Swinerton received no response.

Please allow this to serve as Swinerton's fourth demand for defense and indemnity under the Policy.  Swinerton hereby demands that Zurich defend and indemnify Swinerton against this lawsuit brought by UH.

Please call me if you have any questions.

Very truly yours,

Joshua W. Mermis

JWM:ckp
Enclosure

JOHNSON, SPALDING, DOYLE, WEST & TRENT, L.L.P.

919 MILAM • SUITE 1700 • HOUSTON, TX 77002 • (713) 222-2323 • FAX (713) 222-2226 • www.js-llp.com

September 15, 2009
Page 2


cc:   Ms. Denise Nestel                                     *Via Facsimile No. 713.228.1331*
        Porter & Hedges, LLP                                 *and Hand Delivery*
        10000 Main St., 36th Floor
        Houston, Texas 77002-6336

# JOHNSON SPALDING
### A T T O R N E Y S   A T   L A W

Joshua Mermis
Attorney

jmermis@js-llp.com
Direct Dial (713) 860-0549

September 15, 2009

Continental Western Ins. Co.
11201 Douglas Ave.
Des Moines, Iowa 50306

*Via Facsimile No. 515.473.3015,*
*and CM/RRR*

RE:  Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the
334th Judicial District, Harris County, Texas

### DEMAND FOR DEFENSE AND INDEMNITY

Dear Sir or Madam:

I am enclosing a copy of Plaintiff University of Houston System's ("UH") Original Petition in connection with the above-referenced lawsuit filed against my client Swinerton Builders Co. ("Swinerton") in connection with the University of Houston – Clear Lake Student Services Building (the "Project") in Clear Lake, Texas.

Continental Western Ins. Co. ("Continental") furnished commercial general liability insurance coverage to Excell Plumbing ("Excell") from October 16, 2002 to October 16, 2003 under Policy Number TP 1790934-22 (the "Policy") in connection with the Project.  I am attaching Continental's insurance certificate for reference.  Swinerton is an additional insured under the Policy.

UH alleges that the Project has significant design and construction problems causing significant and continuous water infiltration into the building.

Swinerton first tendered its additional insured claim to Continental in 2006; Swinerton received no response.  Swinerton re-tendered its additional insured claim in 2008 and early 2009. Yet again Swinerton received no response.

Please allow this to serve as Swinerton's fourth demand for defense and indemnity under the Policy.  Swinerton hereby demands that Continental defend and indemnify Swinerton against this lawsuit brought by UH.

Please call me if you have any questions.

Very truly yours,

Joshua W. Mermis

JWM:ckp
Enclosure

JOHNSON, SPALDING, DOYLE, WEST & TRENT, L.L.P.

919 MILAM • SUITE 1700 • HOUSTON, TX 77002 • (713) 222-2323 • FAX (713) 222-2226 • www.js-llp.com

September 15, 2009
Page 2

cc:    Percy "Wayne" Isgitt                                *Via Facsimile No. 713.572.6585*
         Isgitt, Dees & Turcotte                              *and Hand Delivery*
         800 Sawyer St.
         Houston, Texas 77007

# JOHNSON SPALDING
### A T T O R N E Y S   A T   L A W

Joshua Mermis
Attorney

September 15, 2009

jmermis@js-llp.com
Direct Dial (713) 860-0549

Ohio Casualty Group
175 Berkeley St.
Boston, Massachusetts 02116

*Via Facsimile No. 513.603.7900,*
*and CM/RRR*

RE:  Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the
      334th Judicial District, Harris County, Texas

**DEMAND FOR DEFENSE AND INDEMNITY**

Dear Sir or Madam:

I am enclosing a copy of Plaintiff University of Houston System's ("UH") Original Petition in connection with the above-referenced lawsuit filed against my client Swinerton Builders Co. ("Swinerton") in connection with the University of Houston – Clear Lake Student Services Building (the "Project") in Clear Lake, Texas.

Ohio Casualty Group ("Ohio Casualty") furnished commercial general liability insurance coverage to Excell Plumbing ("Excell") from November 17, 2003 to November 17, 2004 under Policy Number BLO053151684 (the "Policy") in connection with the Project. I am attaching Ohio Casualty's insurance certificate for reference. Swinerton is an additional insured under the Policy.

UH alleges that the Project has significant design and construction problems causing significant and continuous water infiltration into the building.

Swinerton first tendered its additional insured claim to Ohio Casualty in 2006; Swinerton received no response. Swinerton re-tendered its additional insured claim in 2008 and early 2009. Yet again Swinerton received no response.

Please allow this to serve as Swinerton's fourth demand for defense and indemnity under the Policy. Swinerton hereby demands that Ohio Casualty defend and indemnify Swinerton against this lawsuit brought by UH.

Please call me if you have any questions.

Very truly yours,

Joshua W. Mermis

JWM:ckp
Enclosure

September 15, 2009
Page 2


cc:    Percy "Wayne" Isgitt                                  ***Via Facsimile No. 713.572.6585***
           Isgitt, Dees & Turcotte                           ***and Hand Delivery***
           800 Sawyer St.
           Houston, Texas 77007

# JOHNSON SPALDING
### A T T O R N E Y S   A T   L A W

Joshua Mermis
Attorney

jmermis@js-llp.com
Direct Dial (713) 860-0549

September 15, 2009

Atlantic Casualty
PO Drawer 8010
Goldsboro, North Carolina 27533-8010

*CM/RRR*

RE:  Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas

**DEMAND FOR DEFENSE AND INDEMNITY**

Dear Sir or Madam:

I am enclosing a copy of Plaintiff University of Houston System's ("UH") Original Petition in connection with the above-referenced lawsuit filed against my client Swinerton Builders Co. ("Swinerton") in connection with the University of Houston – Clear Lake Student Services Building (the "Project") in Clear Lake, Texas.

Atlantic Casualty ("Atlantic") furnished commercial general liability insurance coverage to Cypress Industrial Coatings ("Cypress") from September 4, 2003 to September 4, 2004 under Policy Number L-076001004 (the "Policy") in connection with the Project.  I am attaching Atlantic's insurance certificate for reference.  Swinerton is an additional insured under the Policy.

UH alleges that the Project has significant design and construction problems causing significant and continuous water infiltration into the building.

Swinerton first tendered its additional insured claim to Atlantic in 2006; Swinerton received no response.  Swinerton re-tendered its additional insured claim in 2008 and early 2009. Yet again Swinerton received no response.

Please allow this to serve as Swinerton's fourth demand for defense and indemnity under the Policy.  Swinerton hereby demands that Atlantic defend and indemnify Swinerton against this lawsuit brought by UH.

Please call me if you have any questions.

Very truly yours,

Joshua W. Mermis

JWM:ckp
Enclosure

JOHNSON, SPALDING, DOYLE, WEST & TRENT, L.L.P.

919 MILAM • SUITE 1700 • HOUSTON, TX 77002 • (713) 222-2323 • FAX (713) 222-2226 • www.js-llp.com

# JOHNSON SPALDING
### A T T O R N E Y S   A T   L A W

Joshua Mermis
Attorney

September 15, 2009

jmermis@js-llp.com
Direct Dial (713) 860-0549

ACE American Insurance
PO Box 1000
436 Walnut Street
Philadelphia, Pennsylvania 19105-1000

*Via Facsimile No. 215.640.5529,*
*and CM/RRR*

RE:  Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas

**DEMAND FOR DEFENSE AND INDEMNITY**

Dear Sir or Madam:

    I am enclosing a copy of Plaintiff University of Houston System's ("UH") Original Petition in connection with the above-referenced lawsuit filed against my client Swinerton Builders Co. ("Swinerton") in connection with the University of Houston – Clear Lake Student Services Building (the "Project") in Clear Lake, Texas.

    ACE American Insurance ("ACE") furnished commercial general liability insurance coverage to Electronic Technologies, Corp. ("ETC") from January 1, 2004 to January 1, 2005 under Policy Number HDO G21690661 (the "Policy") in connection with the Project.  I am attaching ACE's insurance certificate for reference.  Swinerton is an additional insured under the Policy.

    UH alleges that the Project has significant design and construction problems causing significant and continuous water infiltration into the building.

    Swinerton first tendered its additional insured claim to ACE in 2006; Swinerton received no response.  Swinerton re-tendered its additional insured claim in 2008 and early 2009. Yet again Swinerton received no response.

    Please allow this to serve as Swinerton's fourth demand for defense and indemnity under the Policy.  Swinerton hereby demands that ACE defend and indemnify Swinerton against this lawsuit brought by UH.

    Please call me if you have any questions.

Very truly yours,

Joshua W. Mermis

JWM:ckp
Enclosure

JOHNSON, SPALDING, DOYLE, WEST & TRENT, L.L.P.

919 MILAM • SUITE 1700 • HOUSTON, TX 77002 • (713) 222-2323 • FAX (713) 222-2226 • www.js-llp.com

September 15, 2009
Page 2


cc:     Robert Brown                              *Via Facsimile No. 713.877.1138*
        Donato, Minx & Brown, PC                  *and Hand Delivery*
        3200 Southwest Freeway, Suite 2300
        Houston, Texas 77027