

October 27, 2009

Joshua W. Mermis, Esquire
Johnson, Spalding, Doyle, West & Trent, L. L. P.
919 Milam, Suite 1700
Houston, Texas  77002

Re:   Lawsuit:         Cause No. 2006-76157, University of Houston System v.
      Swinerton Builders, etal
      Et al, in the 334th Judicial District, Harris County, Texas

      Insured:          B&B Glass, Inc.
      Hartford File No:  YYH KLP 87879
      Date of Loss:     2005 (continuous)
      Policies:         59  UUN UL 5071-7/15/2003 to 7/15/2004
                        59  UUN UL 5071-7/15/2004 to 7/15/2005
                        59  UUN UL 5071-7/15/2005 to 7/15/2006

Dear Mr. Mermis:

     This correspondence is in response to your letter dated September 15th, 2009 on
behalf of Swinerton Builders. In this correspondence, Swinerton seeks coverage under
policies issued by The Hartford to B&B Glass, Inc. (hereinafter "B&B") in connection
with the above captioned lawsuit (hereinafter "Lawsuit") brought by the The University of
Houston System (hereinafter "UHS"). Hartford acknowledges receipt of the Lawsuit and
Swinerton's request for defense and indemnification under the policies.

     The purpose of this letter is to advise we reviewed the contract entered into
between B&B Glass and Swinerton on May 6, 2003, and the applicable policies of
insurance in conjunction with the Lawsuit and have determined there is no coverage
afforded to Swinerton. As a result, we will be unable to provide Swinerton a defense or
indemnification for this claim.

### Facts

     The Lawsuit arises out of the construction of the University of Houston Student
Center located at 2700 Bay Area Boulevard, Houston, Texas. B&B is not a named
defendant in the Lawsuit. Swinerton contracted with numerous parties and
subcontractors, including B&B, to perform the actual construction. Specifically, UHS

1

alleges the project has significant design and construction problems and therefore does not function as intended or as agreed by Swinerton and the architect.

UHS states the most significant problem involves the metal panel cladding that the Defendants improperly designed and constructed, causing significant and continuous water infiltration into the building.  In addition to the significant and pervasive problems with the building envelope, UHS alleges additional construction related issues related to the HVAC system, security system, concrete flooring and slab, handrail system, drainage, utility lines/drains, doors/frames, and waterproofing.

We have located the following policies of insurance (hereinafter "Policies") issued by Hartford Casualty  Insurance Company (hereinafter "Hartford") to B&B Glass:

**59  UUN UL 5071-7/16/2003-7/16/2004**
**59  UUN UL 5071-7/16/2004-7/16/2005**
**59  UUN UL 5071-7/16/2005-7/16/2006**

We note that Swinerton is not a Named Insured under the Policies  However, the Policies issued to B&B provide in part, coverage extending to additional insureds as follows:

SECTION II – WHO IS AN INSURED

6.    The following are also an insured when you have agreed, in writing, in a contract or agreement that another person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement....

e.  Any other person or organization who is not insured under Paragraphs a. through d. above, but only with respect to your operations, "your work" or facilities owned or used by you.

As neither B&B's operations or work is implicated in the pending Lawsuit, coverage would not extend to Swinerton based on the provision above.

. Additionally, based on our review of the written contract between B&B and Swinerton,in conjunction with the above captioned provision of the Policies, it appears Swinerton does not otherwise qualify for coverage under the Policies.

2

Relevant provisions of the Subcontract Terms and Conditions, **7 (a)** provides  that B&B will indemnify Swinerton due to liability resulting from B&B's performance or failure to perform, or failure or defects and  materials or goods supplied.

**Section 8, (c)** provides that B&B shall carry general liability coverage to cover the owner and contractor as additional insured's for liabilities arising out of B&B's work.

B&B is not named as a defendant in the Lawsuit.  Additonally, neither the plaintiff's first amended petition nor the third party petition include any allegations pertaining to B&B's work. As the allegations in the Lawsuit do not implicate the work performed by B&B we must respectfully advise that coverage does not extend to Swinerton in connection with the Lawsuit.  As such, The Hartford denies any obligation to provide a defense or indemnification to Swinerton in connection with The Lawsuit.

This denial of coverage is based upon presently available information. The Hartford reserves the right to supplement and/or amend its coverage position should facts and circumstances indicate the need to do so in connection with the Lawsuit.  To the extent that you have information that you feel would cause us to alter our position, please immediately submit that information and/or documentation for our review.

This correspondence is not intended, nor shall it be construed as, an exhaustive listing of policy terms, conditions or exclusions of the Policies that may apply to this matter. The Hartford hereby reserves all its rights, positions and defenses in the Lawsuit.. Neither this communication, nor any prior or subsequent communications, should be construed as a waiver of any rights, positions or defense held by The Hartford under the Policies.

S you have any questions regarding the foregoing and/or should you wish to discuss this matter in general, please do not hesitate to contact me.

Very truly yours,
Hartford Casualty  Insurance Company


Kathleen M. Nowicki
Claims Service Consultant
1-877-925-2652, Ext .52443







**ZURICH**

February 24, 2010

Attorney Joshua W. Mermis
Johnson Spalding
919 Milam, Suite 1700
Houston, TX 77002

Re: **University of Houston System v. Swinerton Builders, et al**
334th Judicial District Court Harris County, TX Cause # 2006-76157

| | | |
|---|---|---|
| Our Insured | : | Mid-Continental Restoration. |
| Your Client | : | Swinerton Builders |
| Suit | : | University of Houston System v. Swinerton Builders, a California Corporation, et al |
| Court | : | Harris County, TX |
| | | |
| Project location: | | U of H – Clear Lake Student Services Building |
| Claim No. | : | 9260077729 |
| Your File | : | unknown |

Policy Information:      <u>Number</u>        <u>Effective</u>
                                      GLO 3517238-02      7-1-02 to 7-1-03

Dear Mr. Mermis:

Zurich North America
Construction Defect Claims

Mailing address:
Zurich North America
P.O. Box 66965
Chicago, IL 60666-0965

Carol Wofford
CD Claims Specialist III
carol.wofford@zurichna.com

Phone (281) 355-0996
Fax (866) 257-1205

This letter serves to outline Zurich American Insurance Company's (hereafter "Zurich American") coverage decision for the instant litigation in response to your AI tender on behalf of your client, Swinerton Builders, (hereafter "Swinerton"). We regret to advise you that based upon our review of the claim and the referenced policy, we have determined that no coverage is afforded for this loss to Swinerton. Accordingly, for the reasons described herein, Zurich American will not be participating in the defense or settlement of this claim on behalf of Swinerton.

<u>The Claim</u>

It is plead in Plaintiff's original petition that on or about June 14, 2002, the University entered into a Construction Management-At-Risk Agreement with Swinerton as the Project construction manager. Plaintiffs allege the project has significant design and construction problems and does not function as intended. Numerous alleged defects and deficiencies are alleged included problems. Plaintiffs allege numerous causes of action against Swinerton including breach of contract, breach of warranty, negligence and breach of fiduciary duty. Plaintiffs seek recovery in an unspecified sum for actual damages, prejudgment and post-judgment interest, costs and attorneys fees.

1

Johnson Spalding
Claim 9260077729
February 24, 2010

It is our understanding that Mid-Continental is alleged to have served as a contractor in the construction of the University of Houston Clear Lake Student Services Building in Clear Lake, Texas. The subcontract entered into between Swinerton Builders and Mid-Continental Restoration Co., Inc. for the project "University of Houston-Clear Lake Student Services / Classroom Building" (job no. 02095007) is dated April 23, 2003 and was executed by Swinerton on May 23, 2003. Based upon our investigation, Mid-Continental completed its work in April 2004 and the project was competed on December 19, 2004, after the expiration of the above referenced policy on July 1, 2003.

### The Policy

Zurich American issued Policy Number GLO 3517238-02 effective July 1, 2002 to July 1, 2003 (hereafter "policy") to Mid-Continental Restoration. (hereafter "Mid-Continental"). The policy contains limits of $1,000,000 per occurrence, $2,000,000 general aggregate and $2,000,000 completed operations aggregate subject to a $1,000 property damage per occurrence deductible.

The Insuring Agreement for the policies is found under Policy Form CG 0001 (10/01), Commercial General Liability Coverage Form. The policy contains endorsement titled "AMENDMENT OF INSURING AGREEMENT – KNOWN INJURY OR DAMAGE", form CG 0057 (9/99), which provides in the pertinent section:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)

Paragraph **1. Insuring Agreement** of Section **I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

   b. This insurance applies to "bodily injury" and "property damage" only if:

2

Johnson Spalding
Claim 9260077729
February 24, 2010

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

* * *

The following terms are defined under the Policies as follows:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

3

Johnson Spalding
Claim 9260077729
February 24, 2010

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

* * *

## AUTOMATIC ADDITIONAL INSURED ENDORSEMENT

The policy contains an endorsement titled "AUTOMATIC ADDITIONAL INSURED", form UGL-113-BCW (4/89) which states, in the part:

This endorsement changes the policy. Please read it carefully.
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

### AUTOMATIC ADDITIONAL INSURED

The following provision is added to Section II – Who Is An Insured

5.    Any entity you are required in a written "insured contract" (hereinafter called additional insured) to name as an insured but only with respect to liability arising out of your premises, "your work" for the additional insured or acts or omission o the additional insured in connection with the general supervision of "your work" to the extent set forth below:

    A.    The limits of insurance provided on behalf of the additional insured are not greater than those required by such contract.

    B.    The coverage provided to the additional insured(s) is not greater than that customarily provided by the policy forms specified in and required by the contract.

    C.    All insuring agreements, exclusions and conditions of this policy apply.

    D.    In no event shall the coverage or limits of insurance in this coverage form be increased by such contract.

Except when required otherwise by "insured contract", this insurance does not apply to:

    (1)    "Bodily injury" or "property damage" occurring after:

        (A)    All work on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or

    (2)    "Bodily injury" or "property damage" arising out of any act or omission of the additional insured or any of their employees, other than the general supervision of work performed for the additional insured by you.

    (3)    "Property Damage" to:

4

Johnson Spalding
Claim 9260077729
February 24, 2010

    (A)    Property owned, used or occupied by or rented to the additional insured;

    (B)    Property in the care, custody or control of the additional insured or over which the additional insured is for any purpose exercising physical control; or

    (C)    "Your work" for the additional insured.

6.    With respect to additional insureds who are architects, engineer or surveyors, this insurance does not apply to "bodily injury", "property damage", "personal injury", or "advertising injury" arising out of the rendering of or the failure to render any professional services by or for you, including:

    A.    The preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and

    B.    Surveyors, inspection or engineering services.

Any coverage provided hereunder shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless a contract specifically requires that this insurance be primary or you request that it apply on a primary basis.

No person or organization is an additional insured with respect to the conduct of any current or past relationship or joint venture that is not shown as a named insured in the Declarations.

* * *

**AI – Owners, Lessees Or Contractors (Form B) endorsement you sent:**

You provided an endorsement titled "ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS (FORM B) endorsement. There is no form number on the endorsement. A copy of the endorsement is not attached to the policy. Nonetheless, we call to your attention the endorsement states in relevant part:

**THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:**
**COMMERCIAL GENERAL LIABILTY COVERAGE PART:**
WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured by or for you.

It is further agreed that such insurance as is afforded by this policy for the benefit of the above Additional Insured(s) shall be primary insurance as respects to any claim, loss or liability arising out of the Names Insured's ongoing operations, and any other insurance maintained by the Additional Insured(s) shall be excess and non-contributory with the insurance provided hereunder.

It is agreed that the above policy contains a standard cross liability or severability of interest clause.

Johnson Spalding
Claim 9260077729
February 24, 2010

**The Claim Does Not Present a Potential for Indemnity**

Liability insurance carriers must defend lawsuits against their insureds seeking damages that would be covered if a judgment were rendered on any theory or cause of action that could be based on the relevant facts.

However, the insurer's duty to defend does not extend to claims for which there is no potential for actual coverage under the policy. This includes claims falling outside the scope of the insuring clause, claims falling within an express exclusion in the policy, or claims barred by statutory or public policy limitations.

Furthermore, the insurer may refuse to defend where undisputed facts conclusively show that all potential liability is precluded by policy exclusion. Zurich American has no obligation to defend and/or indemnify Swinerton respect to the above-referenced matter. Presuming arguendo that Swinerton qualified as an additional insured under the policy, such status concluded at the time Mid-Continental's work for Swinerton was completed. Additionally, presuming arguendo that Swinerton qualified as an additional insured under the policy, such status concluded at the time Zurich American's policy expired.

We understand the subcontract date is 4-23-02 and signed on 5-23-03. We additionally understand Mid-Continental completed its work in April 2004 and the project was completed on 12-19-04. Completion date is after the above policy expired 7-1-03.

Based on our analysis of the information currently in our possession, no potential for coverage exists.

You did not provide a copy of a written contract. The "AUTOMATIC ADDITIONAL INSURED ENDORSEMENT" on the policy provides that except when required otherwise by "insured contract", this insurance does not apply to "Bodily injury" or "property damage" occurring after all work on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed.

You provided an endorsement titled "ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS (FORM B) endorsement. There is no form number on the endorsement. A copy of the endorsement is not attached to the policy. Even had the endorsement been attached to the policy, no coverage would be afforded under the policy for Swinerton as the endorsement only relates to ongoing operations of Mid-Continental for Swinerton.

**Conclusion**

Based on the foregoing reasons, it is the position of Zurich American that it has no obligation to defend or indemnify Swinerton with respect to the referenced matter.

6

Johnson Spalding
Claim 9260077729
February 24, 2010

If you or your clients believe that this claim has been wrongfully denied or rejected, you may have the matter reviewed by the Texas Department of Insurance. The address and telephone numbers are:

> Texas Department of Insurance
> Consumer Protection
> P. O. Box 149091
> Austin, TX 78714-9091
> Telephone: (512) 463-6500

If you or your clients have knowledge of any additional or different facts or legal authorities that you or clients believe would alter any of the positions as set forth herein, please advise us of the same at your earliest convenience so that these matters may be considered.

In the interim, it is our duty to inform you that Zurich American will not defend or indemnify Swinerton with respect to the above-referenced lawsuit.

In the event you have not done so already, we suggest you place any applicable carrier on notice of this loss that may have been on the risk from 12-19-04 going forward.

Any failure to quote or rely upon specific policy language or provisions in the body of this letter or otherwise, is not to be deemed as a waiver of our right to rely upon such language, at any future date.

Sincerely,
Zurich American Insurance Company

Carol Wofford, SCLA
CD Claims Specialist III

CC:   Schifman, Remley & Associates
      5201 Johnson Dr., Ste. 100
      Mission Bank Bldg.
      Mission, KS  66205-2920

CC:   Mid-Continental Restoration
      400 E. Hudson St.
      Fort Scott, AL  66701







LAWRENCE J. WEST

DEC 1 – 2009

RECEIVED

Jacob Lee Salas
*Technical Specialist*
*Travelers*
*P.O. Box 165377*
*Irving, Texas 75016*

(972) 650-3059
(800) 351-0845 (fax)
*jlsalas@travelers.com*

November 23, 2009

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**CMRRR #7004 1350 0000 4733 9679**

Mr. Joshua Mermis
Johnson, Spalding, Doyle, West & Trent LLP
919 Milam #1700
Houston, Texas 77002

**Declination of Coverage**

Re: _University of Houston System v. Swinerton Builders, et al, Cause no. 2006-76157_

Party Seeking Coverage As An Additional Insured:
              Swinerton Builders Co.
Insured:           Mid-Continental Restoration Co., Inc
Insurer:           St. Paul Mercury Insurance Company
Claim No.:      512 ER B6V6967 R
Policy Nos.:    KK08001080
Effective Dates:  1/1/03 – 1/1/05

Dear Mr. Mermis:

This letter further responds to your letter seeking coverage for Swinerton Builders Co. as an additional insured[1] in the referenced matter.

We have reviewed the coverages available under the policies and have concluded that there is no coverage available for this claim. For that reason, we are issuing this "declination of coverage" letter. This letter addresses only the referenced matter and not any other claim that has or will be presented to Travelers.

St. Paul Mercury Insurance Company (hereinafter "Travelers"/"our"/"us"/"we") has determined that Travelers has no duty to defend and no obligation to indemnify Swinerton Builders Co. (hereinafter "Swinerton") as an additional insured in this matter pursuant to the captioned primary Commercial General Liability Policies (hereinafter "the policies") issued to Mid-Continental Restoration Co., Inc (hereinafter "MCR").

In the referenced matter, The University of Houston (hereinafter "Plaintiff"), filed the Original Petition in the District Court of Harris County, Texas in or about 2006 naming Swinerton and various entities as Defendants. The Petition alleges various construction defects at the University's project known as University of Houston-Clear Lake Student Services/Classroom Building located at 2700 Bay Area Blvd., Houston, Texas 77058. The Petition alleges various construction and design defects. It alleges the most significant issue involves the metal panel cladding of the exterior which had led to significant water intrusion. Swinerton filed its Third Party Petition later in 2006 against various subcontractors including MCR. Swinerton has denied liability to the Plaintiff but advises that to the extent the Plaintiff may prove any failure to conform with construction documents, the various subcontractors are liable.

---

[1] The term "insured" is referred to as "protected person" on the subject policies. Both terms are used interchangeably in this letter.

Joshua Mermis
Johnson Spalding Doyle West & Trent LLP
Re:    University of Houston vs. Swinerton Builders, et al.
November 23, 2009

The 03/04 policy contained Insuring Agreement 47500 (01/01) and the 04/05 policy contained Insuring Agreement 47175 (07/01).  While these Insuring Agreements contain slight variations or differences in the wording of the coverage forms, the intent is exactly the same. Please see Insuring Agreement 47175 (07/01) which states in relevant part the following:

> <u>What This Agreement Covers</u>
>
> Bodily injury and property damage liability.  We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:
> - happens while this agreement is in effect; and
> - is caused by an event.

* * *

The policy provides applicable definitions as follows:

> *Property damage* means:
> - physical damage to tangible property of others, including all resulting loss of use of that property; or
> - loss of use of tangible property of others that isn't physically damaged.

* * *

> We'll consider all loss of use of:
> - damaged tangible property to happen at the time of the physical damage that caused it; and
> - undamaged tangible property to happen at the time of the event that caused it.

* * *

> *Event* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

*The Insuring Agreement is a basis for the declination of coverage. There is no allegation in the Petition of property damage as defined related to or arising out of the work of MCR pursuant to the contract with Swinerton that occurred during our policy periods. Therefore, for the foregoing reasons,  Travelers has no duty to defend and no obligation to indemnify Swinerton in the referenced matter under the Policies.*

Our review of the referenced policies found no specific endorsement adding Swinerton as an additional protected person.  However, our review of the referenced policies located endorsement G0322 (Ed. 12/97) in the above referenced policy.  Please see Endorsement G0322 (Ed. 12/97) which states in relevant part the following:

> ADDITIONAL PROTECTED PERSONS ENDORSEMENT- CONTRACTORS GENERAL LIABILITY- INCLUDING COMPLETED WORK
>
> This endorsement changes your Contractors Commercial General Liability Protection
>
> *How Coverage is Changed*
>
> There are two changes which are described below.

2

Joshua Mermis
Johnson Spalding Doyle West & Trent LLP
Re:      University of Houston vs. Swinerton Builders, et al.
November 23, 2009

1.  The following is added to the Who is Protected Under This Agreement section. This
change adds certain protected persons and limits their protection.

Additional protected person. The person or organization named below is an additional
protected person as required by a contract or agreement entered into by you. But only for
covered injury or damage arising out of:
- your work for that person or organization;
- your completed work for that person or organization if your contract or agreement requires
such coverage;
- premises you own, rent, or lease from that person or organization;
- your maintenance, operation, or use of equipment leased from that person or organization.

We explain what we mean by your work and your completed work in the Products and completed
work total limit section.

If the additional protected person is an architect, engineer, or surveyor, we won't cover injury
or damage arising out of the performance or failure to perform architect, engineer, or surveyor
professional services.

*Architect, engineer, or surveyor professional services* includes:
- the preparation or approval or maps, drawings, opinions, reports, surveys, change orders,
designs, or specification; and
- supervisory, inspection, or engineering services.

2.  The following is added to the Other primary insurance section. This change broadens
coverage.

We'll consider this insurance to be primary to and non-contributory with the insurance issued
directly to additional protected persons listed below if:
- your contract specifically requires that we consider this insurance to be primary or primary
and non-contributory; or
- you request before a loss that we consider this insurance to be primary or primary and non-
contributory insurance.

Other Terms

All other terms of your policy remain the same.

Person or Organization: Any person or organization required to be made an additional
protected person in a written contract executed prior to a loss.  Additional protected person
status for your completed work will be provided only if required in the written contract.

* * *

*Pursuant to endorsement G0322 (Ed. 12/97),  the person or organization named at the bottom of said
endorsement[2] is an additional protected person as required by a contract or agreement entered into by the
named insured. However, the coverage afforded to the additional protected person is limited to covered injury
or damage arising out of "your work" for the additional protected person unless a contract requires that
coverage be extended for covered injury or damage arising out of "your completed work". There is no
allegation of damages arising from the work of MCR in the Petitions sent for review.*

---

[2] All persons or organizations the named insured is required in a written contract to show as an additional protected person.

Joshua Mermis
Johnson Spalding Doyle West & Trent LLP
Re:    University of Houston vs. Swinerton Builders, et al.
November 23, 2009

Our review of the relevant Subcontract Agreement reveals that the Subcontract Agreement did require completed work coverage be provided to Swinerton as an additional insured for the warranty period of MCR which was 1 year after their completion of work on the site.  As such, the subject endorsement (cited above) attached to the above-captioned policies limits coverage to covered injury or damage arising out of "your work."  The governing form of the subject policies defines "your work" as follows:

> *Your Work* means any:
> - work that you're performing or others are performing for you; or
> - service that you're providing or others are providing for you.
>
> * * *
>
> *Your Completed Work* means your work that:
> - is completed, including work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete; or
> - has been abandoned by you.
>
> We'll consider your work to be completed at the earliest of the following times:
> - When all of the work called for in your contract has been completed.
> - When all of the work to be done at the work site has been completed, if your contract calls for work at more than one site.
> - When that part of the work at the work site has been put to its intended use by any person or organization, other than other contractor or subcontractor working on the same project.
>
> * * *

As noted above, there is a clear and important distinction between the policy definitions of "your work" and "your completed work."  "Your work" essentially means the "ongoing operations" of the named protected person (MCR), whereas "your completed work" essentially means the named protected person's "completed operations."

Consequently, there is no coverage for Swinerton as an additional insured.  Accordingly, Travelers is not obligated to defend and/or indemnify Swinerton in this matter.

Please be advised that Travelers does not waive any of its rights or admit any obligation under the policies issued to MCR, while investigating or otherwise handling this matter.  Likewise, all of the rights of the insured(s) are reserved under the policies.

Should you be aware of any facts or theories which in your opinion are relevant to Travelers' duty to defend or indemnify Swinerton under the subject policies, we welcome your thoughts and will give consideration to any information provided.  Our willingness to consider any further information will be pursuant to a full reservation of rights under the policies.

This letter describes certain issues and/or policy provisions which preclude, limit or operate to exclude coverage.  However, the description of these issues and/or policy provisions is not to be construed as limiting any additional grounds or policy provisions which may support the denial of coverage or our reservation of rights, if the facts or law warrant same.    Travelers reserves the right to rely on additional facts, policy provisions and any other information that may be determined relevant or discovered, and which may affect coverage.

4

Joshua Mermis
Johnson Spalding Doyle West & Trent LLP
Re:    University of Houston vs. Swinerton Builders, et al.
November 23, 2009


Neither this correspondence nor Travelers' investigation and handling of this matter are to be construed as a waiver of any rights or defenses now or hereinafter available to Travelers, nor as a waiver of any other person's obligations, including obligations of any insured under the Travelers policy or policies.

Should you have any questions regarding Travelers' coverage position as set forth in this letter or wish to discuss this matter, please do not hesitate to contact us.


Very truly yours,
on behalf of St. Paul Mercury Insurance Company



Jacob Lee Salas
Technical Specialist


cc:      Insurance Network of Texas

5





Construction Defect Claims
Routing ACE USA Claims
PO Box 25160
Lehigh Valley, PA 18002-5160
USA

**Tom Brown**
*Director*

415 547-4590 *tel*
866 635-5687 *fax*

tom.brown@acegroup.com
www.acegroup.com

LAWRENCE J. WEST
OCT 1 3 2009
RECEIVED

October 1, 2009

CERTIFIED MAIL

Joshua W Mermis
Johnson Spalding Doyle West & Trent
919 Milam
Suite 1700
Houston, TX 77002

Re:   *University of Houston v. Swinerton Builders, et al*
      Harris County, TX District Court, Case no. 2006-76157

|  |  |
|---|---|
| Insurer: | ACE American Insurance Company |
| Insured: | Ingersoll-Rand Company |
| Policy No.: | HDO G21690661 |
| Policy Periods: | 1/1/03-06 |
| ACE Claim No.: | JY09J0229207 |

Dear Mr. Mermis:

ACE American Insurance Company ("ACE") is in receipt of the AI tender from Swinerton Builders Company ("Swinerton") to Electronic Technologies Corporation ("ETC"), a subsidiary of Ingersoll-Rand, in the *University of Houston v. Swinerton Builders, et al* matter. Based on the information we have received, ETC and/or Ingersoll-Rand have no AI obligation to Swinerton, as there are no allegations of resultant damages from ETC's work.

**Facts**

This claim is in regard to the University of Houston – Clear Lake Student Services/Classroom Building in Houston, TX. The University has filed a construction defect suit, alleging property damage. One allegation is that the security system does not work properly and does not conform to contract specifications. ETC installed the security system.

**Insurance**

ACE issued commercial general liability policy HDO G21690661 to Ingersoll-Rand for policy period 1/1/03-06. The policy limits are $5,000,000 per occurrence and $5,000,000 products/completed operations aggregate. The policy has a $5,000,000 deductible with ALAE within limits. Per the policy, ACE has no duty to defend.



ETC issued an Additional Insured endorsement to Swinerton Builders Company. Per the endorsement language, "WHO IS AN INSURED is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured by or for you." There are no allegations that there is liability arising out of ETC's work. The allegation is that ETC's work itself does not work properly. Therefore, there is no additional insured obligation as outlined in the endorsement.

If you disagree with ACE's position regarding coverage, please notify the undersigned immediately and provide any supporting documentation. ACE will promptly reconsider this matter given the information you provide and advise accordingly.

Sincerely,

Tom Brown
Claim Director
ACE American Insurance Company

cc:
Rich Mullen
ESIS
Claim no. 3807 254 226285 4
Via email