

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| *Swinerton Builders* | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| *Zurich American Insurance Company,* | § | CIVIL ACTION NO. 4:10-cv-01791 |
| *Travelers Insurance Company, ACE* | § | |
| *American Insurance Company, Atlantic* | § | |
| *Casualty, Continental Western Insurance* | § | |
| *Company,, Hartford Casualty Insurance* | § | |
| *Company, ACEA American Insurance* | § | |
| *Company and CNA Transportation* | § | |
| *Insurance Company, St. Paul Mercury* | § | |
| *Insurance Company & Amerisure Mutual* | § | |
| *Insurance Company* | | |
| **Defendants.** | | |

## Swinerton Builders's Second Amended Complaint for Declaratory Judgment

COMES NOW Swinerton Builders, and files this Second Amended Complaint for Declaratory Judgment and would show the Court the following:

### I.
### THE PARTIES

1. Plaintiff, Swinerton Builders, (hereinafter referred to as "Plaintiff" or "Swinerton") is a California corporation with its principal office at 260 Townsend Street, Fourth Floor, San Francisco, California, 94107.

2. Defendant Zurich American Insurance Company (hereinafter referred to as "Zurich") has filed an answer and made an appearance, and is represented by its attorney of record, Marcus R. Tucker, ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P., 711 Louisiana, Suite 500, Houston, Texas 77002.

3. Defendant ACE American Insurance Company (hereinafter referred to as "ACE") has filed an answer and made an appearance, and is represented by its attorney of record, Joe Ziemianski, COZEN O'CONNOR, 1221 McKinney St., Suite 2900, Houston, Texas 77010-2011.

4. Defendant Atlantic Casualty (hereinafter referred to as "Atlantic") has filed an answer and made an appearance, and is represented by its attorney of record, Camille Johnson, SAVRICK, SCHUMANN, JOHNSON MCGARR, KAMINSKI & SHIRLEY, L.L.P., 6440 N. Central Expressway, Suite 107, Dallas, Texas 75206

5. Defendant Continental Western Insurance Company (hereinafter referred to as "Continental") has filed an answer and made an appearance, and is represented by its attorney of record, Beth A. Bradley, TOLLEFSON, BRADLEY, BALL & MITCHELL, LLP, 2811 McKinney Ave., Suite 250, Dallas, Texas 75204.

6. Defendant Hartford Casualty Insurance Company (hereinafter referred to as "Hartford") has filed an answer and made an appearance, and is represented by its attorney of record, Christopher W. Martin, MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P., 808 Travis Street, Suite 1800, Houston, Texas 77002

7. St. Paul Mercury Insurance Company, (hereinafter referred to as "St. Paul") has filed an answer and made an appearance, and is represented by its attorney of record, Veronica Bates, HERMES SARGENT BATES, LLP, 901 Main Street, Suite 5200, Dallas, Texas 75202.

8. Amerisure Mutual Insurance Company, (hereinafter referred to as "Amerisure") has filed an answer and made an appearance, and is represented by its attorney of record, David M. Pruessner, THE LAW OFFICES OF DAVID M. PRUESSNER. 13155 Noel Road, Suite 1025, Dallas, Texas 75240.

9. Transportation Insurance Company (hereinafter referred to as "TIC") is a foreign corporation doing business in Texas and may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201, or through its attorney by written agreement.

## II.
## JURISDICTION

10. The jurisdiction of this Court over the subject matter of this action is predicated on Fed. R. Civ. P. 57 and 28 U.S.C. §2201. There exists complete diversity between the parties, and the amount in controversy of the underlying action is alleged by Plaintiff to exceed $75,000, exclusive of interest and costs.

## III.
## VENUE

11. Venue is proper in this matter pursuant to 28 U.S.C. §1391 as substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.
## FACTUAL ALLEGATIONS

12. In 2002 the University of Houston System ("University") entered into an agreement with architectural design firm Hellmuth, Obata + Kassabaum, L.P. ("HOK") to design and deliver the project known as the University of Houston-Clear Lake Student Services Building ("SSB") located at 2700 Bay Area Boulevard, Houston, Texas ("Project"). The University then contracted with Swinerton who was to act as the construction manager (commonly referred to as the general contractor). Swinerton, in turn, subcontracted with numerous entities that provided various services:

> i. NOW Specialties ("**NOW**") – scope of work included fabrication and installation of composite metal panels to be used on the exterior of the building wall envelope.

    ii. Pyramid Waterproofing, Inc. ("**Pyramid**") – scope of work included application of thermoplastic membrane roofing and installation of flashing and sheet metal at the Project

    iii. B&B Glass, Inc. ("**B&B**") – scope of work included installation and sealing of windows at the Project

    iv. Mid-Continental Restoration Co., Inc. ("**MCR**") – scope of work included application of bituminous dampproofing and installation of waterproofing and joint sealants at the Project

    v. Electronic Technologies Corporation ("**ETC**") – scope of work included the electronic security/monitoring system at the Project

    vi. Excel Plumbing, Inc. ("**Excel**") – scope of work included plumbing installation at the Project

    vii. Cypress Industrial Coatings, Inc. ("**Cypress**") – scope of work included installation of concrete floor coatings at the Project[1]

13. Each subcontractor named Swinerton as an additional insured under their respective insurance policies, as required by the subcontract. See Exhibits 1 – 8.

14. In 2006 the University filed suit against both Swinerton and HOK with respect to the Project. The facts alleged by the University are described in Plaintiff's Second Amended petition, attached hereto as Exhibit 9, which generally assert Swinerton and HOK breached their respective contracts and/or warranties with the University. In short, the University alleged that the SSB leaks and blamed HOK and Swinerton. A more detailed reading of the petition reveals, and subsequent discovery has confirmed, that the allegations against Swinerton arise out of the work performed by the above-enumerated subcontractors.

15. Swinerton made claims as an additional insured for defense and indemnity under the seven subcontractors' insurance policies shortly after the University filed suit. The subcontractors had policies with the following insurance carriers:

---

[1] The subcontractor list is not exhaustive as Swinerton entered into other subcontracts during the Project.

  viii. NOW: Amerisure

  ix. Pyramid: TIC

  x. B&B: Hartford

  xi. MCR: Zurich and St. Paul

  xii. ETC: ACE

  xiii. Excel: Continental Western

  xiv. Cypress: Atlantic Casualty

16. Amerisure accepted the claim on January 24, 2008. See Exhibit 10. The other insurance carriers, however, did not respond to Swinerton's defense tender which precipitated a second demand on June 11, 2008. See Exhibit 11. Shortly thereafter TIC agreed to participate in Swinerton's defense pursuant to a reservation of rights. See Exhibit 12. The other carriers did not respond to Swinerton's second demand.

17. Swinerton sent a third demand on January 16, 2009. See Exhibit 13. Neither Hartford, Zurich, St. Paul, ACE, Continental Western or Atlantic Casualty responded to Swinerton's *third* demand.

18. Swinerton sent a *fourth* demand to the insurance carriers on September 15, 2009. See Exhibit 14. Nearly two years after Swinerton made its first demand for defense and indemnity to Hartford, Zurich, Travelers, ACE, Continental Western and Atlantic Casualty, the carriers responded. **Belatedly the carriers denied Swinerton's additional insured demands for defense and indemnity.** See Exhibits 15 – 21.

19. Meanwhile, despite TIC's and Amerisure's acceptance of Swinerton's additional insured claim, they have not complied with their full defense obligations.

## V.
## Cause of Action - Declaratory Judgment

20. Swinerton seeks a declaration, pursuant to 28 U.S.C. 2201, 2202, that the Defendants are liable to Swinerton and that Swinerton is entitled to a defense, indemnity and payment in full for all damages, costs, and expenses suffered by Swinerton as an additional insured in this matter under the above-referenced insurance policies. The Defendants issued insurance policies benefiting Swinerton, and each policy named Swinerton an additional insured. The University filed suit against Swinerton and the Defendants have been notified of the suit. The claims asserted by the University, if true, would be covered by the insurance policies.

## VI.
## ATTORNEYS' FEES

21. Swinerton has been forced to hire the undersigned attorneys to prosecute this claim. Pursuant to 28 U.S.C. 2202, Swinerton respectfully requests that the Court award Swinerton the reasonable and necessary attorneys' fees it incurs in seeking to enforce the contractual indemnity and defense obligations that the Carriers have wrongfully refused to honor.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Swinerton Builders respectfully prays that Defendants be cited to appear and answer this lawsuit and that this Court enter a judgment against Defendants for the following:

1. Declaration that Defendants owe Swinerton complete defense and indemnity as to any and all claims being made against Swinerton in Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas and for any and all liability that may be found against Swinerton for such claims, pursuant to the subcontract and product supply agreements entered into between Swinerton and Defendants;

2. Declaration that Defendants reimburse Swinerton for all defense costs that it has incurred and will continue to incur in defense of the claims being made against Swinerton in Cause No. 2006-76157, University of Houston System v. Swinerton Builders, et al, in the 334th Judicial District, Harris County, Texas;

3. All reasonable and necessary attorney's fees incurred by Swinerton in this lawsuit; and

4. All other relief to which Swinerton is entitled.

          Respectfully submitted,

          **JOHNSON, TRENT, WEST & TAYLOR, L.L.P.**

By: _____
          Lawrence J. West
          State Bar No. 21202600
          Federal ID No. 11124
          919 Milam Street, Suite 1700
          Houston, Texas 77002
          (713) 222-2323 – Telephone
          (713) 222-2226 – Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF SWINERTON BUILDERS**

**OF COUNSEL**:

JOHNSON, TRENT,
WEST & TAYLOR, L.L.P.
Joshua W. Mermis
State Bar No. 24039055
919 Milam Street, Suite 1700
Houston, Texas 77002
(713) 222-2323 – Telephone
(713) 222-2226 – Facsimile

**Of-Counsel for Plaintiff,
SWINERTON BUILDERS**

## Certificate of Service

I certify that a copy of the above and foregoing was served on each party's attorney listed below on this 10 day of August, 2010, by the method indicated next to the attorney's name.

*Via Facsimile*
David M. Pruessner
THE LAW OFFICES OF DAVID M. PRUESSNER.
13155 Noel Road, Suite 1025
Dallas, Texas 75240

*Via Facsimile*
Joe Ziemianski
COZEN O'CONNOR
1221 McKinney St., Suite 2900
Houston, Texas 77010-2011

*Via Facsimile*
Marcus R. Tucker
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
711 Louisiana, Suite 500
Houston, Texas 77002

*Via Facsimile*
Camille Johnson/Mary Kalany
SAVRICK, SCHUMANN, JOHNSON MCGARR,
KAMINSKI & SHIRLEY, L.L.P.
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206

*Via Facsimile*
Beth A. Bradley
TOLLEFSON, BRADLEY, BALL & MITCHELL, LLP
2811 McKinney Ave., Suite 250
Dallas, Texas 75204

*Via Facsimile*
Veronica Bates
HERMES SARGENT BATES, LLP
901 Main Street, Suite
Dallas, Texas 75202

8

*Via Facsimile*
Alissa Kirksey Christopher
HERMES SARGENT BATES, LLP
901 Main St., Suite 5200
Dallas, TX 75202

*Via Facsimile*
Christopher W. Martin
Robert G. Dees
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002

　　　　　　　　　　　　　　　　　　　　　　　　　Joshua W. Mermis

155576.1-8/5/2010